DEBORAH M. MINKOFF, ESQ.
(N.J. Bar I.D. No. 042421984)
SAMANTHA EVANS, ESQ.
(N.J. Bar I.D. No. 019862006)
COZEN O'CONNOR
*A Pennsylvania Professional Corporation*
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, New Jersey 08002
Phone:  (856) 910-5000
Direct Fax:  (856) 910-5075
dminkoff@cozen.com
smevans@cozen.com
*Attorneys for Defendants, Select Medical Holdings Corporation and Select Medical Group*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JONATHAN FELLUS,

     *Plaintiff,*                                          CIVIL ACTION NO:

Vs.

SELECT MEDICAL HOLDINGS
CORP., SELECT MEDICAL GROUP,
COLUMBIA CASUALTY COMPANY,
ESIS PROCLAIM, and CNA HEALTHPRO CLAIMS

     *Defendants*

## NOTICE OF REMOVAL OF ACTION

**TO:**  **Clerk, United States District Court for the District of New Jersey**

     Please take notice that Defendants Select Medical Holdings Corporation and Select

Medical Group, through their undersigned attorneys, Cozen O'Connor, P.C., respectfully petition

this Court for removal of the above-captioned action from the Superior Court of New Jersey,

Law Division, Essex County, pursuant to 28 U.S.C. §§1332, 1441 and 1446.  As the basis for

support of such removal, Defendants state as follows:

1.      On April 26, 2017, plaintiff Jonathan Fellus ("Plaintiff") filed a declaratory judgment complaint against defendants Select Medical Holdings Corporation and Select Medical Group in the Superior Court of New Jersey, Law Division, Essex County, civil action number 3050-17 ("Complaint").  A copy of the Complaint is attached hereto as Exhibit A.  The Complaint also names as defendants Columbia Casualty Company, ESIS ProClaim, and CNA Healthpro Claims.

2.      The United States District Court for the District of New Jersey has original jurisdiction over a case where the party citizenship is diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §1332(a).

3.      Upon information and belief, Plaintiff was a New Jersey resident residing in Glen Ridge, New Jersey, at the time the Complaint was filed.

4.      Select Medical Holdings Corporation (incorrectly named Select Medical Holdings Corp.) is a corporation incorporated in the state of Delaware with a principal place of business located at 4716 Old Gettysburg Road, Mechanicsburg, Pennsylvania 17055.

5.      Select Medical Group is not, and had never been, a legal entity capable of being sued. Select Medical Group, therefore, does not have a state of incorporation or principal place of business for purposes of this removal petition.  See U.S.C. §1441(b)(1).

6.       Columbia Casualty Company ("Columbia Casualty") is an Illinois corporation with a principal place of business located at 333 South Wabash Avenue, Chicago, Illinois, 60604.

7.      Upon information and belief, ESIS ProClaim is either a Texas or New York corporation. Upon further information and belief, ESIS ProClaim is not a New Jersey corporation and does not have a principal place of business in New Jersey. A copy of the New

Jersey secretary of state web page reflecting that ESIS ProClaim is not a New Jersey company is attached as Exhibit B.

8.      Upon information and belief, CNA HealthPro Claims (now known as CNA Healthcare) was a department of Continental Casualty Corporation when the Complaint was filed and not a legal entity capable of being sued. CNA HealthPro Claims does not have a state of incorporation or principal place of business for purposes of this removal petition. See U.S.C. §1441(b)(1).

9.      Columbia Casualty issued named insured Select Medical Holdings Corporation a Healthcare Facilities Umbrella Policy ("Policy"), policy number HMU 2066248465-7, effective December 31, 2010 to December 31, 2011 ("Policy"). A copy of the Policy's Declarations Page is attached as Exhibit C. The Policy is subject to a $2 million self-insured retention.

10.     The Complaint seeks coverage under the Policy for a lawsuit filed by Lorette Schroth ("Schroth") against Plaintiff in the New Jersey Superior Court, Essex Division, civil action number ESX-L-007684-10 ("Underlying Lawsuit"). The Underlying Lawsuit alleged that Plaintiff, a physician, engaged in inappropriate sexual contact with his patient Schroth.

11.     An Essex county jury awarded Schroth $1.5 million in compensatory damages and $1.7 million in punitive damages on May 8, 2015.

12.     The Complaint seeks to recover, *inter alia*, costs associated with the defense of the Underlying Lawsuit and indemnity for the jury award.

13.     Based upon the allegations and damages sought in the Complaint, the amount in controversy exceeds the $75,000 diversity threshold.

14.     Accordingly, this case is one which may be removed under 28 U.S.C. §1441(a) and (b) because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

15.     Venue is appropriate under 28 U.S.C. §1441(a) because the District Court for the District of New Jersey embraces Essex County where this action is currently pending.

16.     Venue is additionally appropriate in the Newark vicinage of the District Court for the District of New Jersey according to the vicinage lines for case assignment established by this Court.

17.     Select Medical Holdings Corporation and Select Medical Group, through their undersigned counsel, executed an Acknowledgement of Service of the Complaint pursuant to N.J.R. 4:4-6 as of May 22, 2017. A copy of the Acknowledgement of Service is attached as Exhibit D.

18.     Accordingly, this Notice or Removal is being filed within thirty (30) days of the May 22, 2017 service in compliance with 28 U.S.C. §1446(a).

19.     Written notice of the filing of this notice and removal will be given to all parties, and a true and correct copy will be filed with the clerk of court of the Superior Court of New Jersey, Law Division, Essex County, New Jersey, pursuant to 28 U.S.C. §1446(d).

20.     28 U.S.C. §1446 requires all defendants who have been property joined and served must consent to this removal petition. Upon information and belief, and based on the operative docket, Plaintiff has not served Columbia Casualty Company, ESIS ProClaim, or CNA Healthpro Claims. Movants are not required to obtain consent from these parties. A copy of the docket is attached as Exhibit E.


Dated:  June 19, 2017                          Respectfully submitted,

                                               COZEN O'CONNOR, P.C.


4

DEBORAH MINKOFF, ESQ. (N.J. Bar. I.D. No.
042421984)
SAMANTHA EVANS, ESQ. (N.J. Bar I.D. No.
019862006)
COZEN O'CONNOR
*A Pennsylvania Professional Corporation*
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, New Jersey 08002
Phone:  (856) 910-5000
Fax:  (856) 910-5075
dminkoff@cozen.com
smevans@cozen.com
*Attorneys for Defendants, Select Medical Holdings*
*Corporation and Select Medical Group*

# EXHIBIT A

55669

EVAN L. GOLDMAN, ESQ. (011871979)
LAW OFFICES OF
GOLDMAN, DAVIS & GUTFLEISH, P.C.
THREE UNIVERSITY PLAZA
SUITE 410
HACKENSACK, NEW JERSEY 07601
(201) 488-2600
(201) 488-5059 (TELECOPIER)
ATTORNEYS FOR PLAINTIFF
#27575

| | |
|---|---|
| JONATHAN FELLUS,<br><br>        Plaintiffs<br>   Vs.<br><br>SELECT MEDICAL HOLDINGS CORP.,<br>SELECT MEDICAL GROUP, COLUMBIA<br>CASUALTY COMPANY, ESIS<br>PROCLAIM, and  CNA HEALTHPRO<br>CLAIMS,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>Docket No.  3050-17<br><br>CIVIL ACTION<br><br>**DECLARATORY JUDGMENT**<br>**COMPLAINT, JURY DEMAND AND**<br>**DEMAND FOR PRODUCTION OF**<br>**DOCUMENTS** |

*[stamp: SUPERIOR COURT OF NEW JERSEY LAW DIVISION ESSEX VICINAGE  APR 26 2017  FINANCE DIVISION RECEIVED/FILED  18]*

        Plaintiff, Jonathan Fellus, by way of complaint against the defendants, says:

## COUNT I

### The Underlying Complaint

1.      This coverage suit arises out of the underlying claims which are set forth at length

in a Complaint filed on September 14, 2010 by Lorette Schroth against defendants, Jonathan

Fellus and Kessler Institute for Rehabilitation in the Superior Court of New Jersey, Essex

County, Law Division, Docket No. ESX-L-007684-10.  Thereafter, an Amended Complaint was

filed to also name defendants Kessler Institute for Rehabilitation, Inc. and Kessler Professional

Services (referred collectively to along with the originally named defendant Kessler Institute for

Rehabilitation as "Kessler").  True and correct copies of the Complaint and Amended Complaint

(collectively referred to herein as the "Underlying Complaint") are attached hereto as **Exhibit A**.

2.     The Underlying Complaint generally pertained to Schroth's claim that on September 15, 2008 she sought medical care and treatment from Fellus for a closed head injury at Kessler; Fellus had an inappropriate sexual relationship with her during the course of treatment; Fellus failed to provide her with proper treatment for this injury.   Ten causes of action set forth in the Underlying Complaint include: 1) violation of N.J.A.C. 13:35-6.3; 2) intentional infliction of emotional distress; 3) negligent infliction of emotional distress; 4) medical malpractice; 5) negligence; 6) respondent superior as to all Defendants; 7) apparent authority; 8) negligent hiring; 9) negligent supervision; and 10) negligence as to all Defendants.  See **Exhibit A.**

3.     The Underlying Complaint was tried to a jury verdict on or about May 8, 2015 (the "Verdict").  A Verdict was entered in the total amount of $3.2 million dollars, accounting for $1.5M in compensatory damages and $1.7M in punitive damages.

4.     On or about August 10, 2015, counsel for Fellus appealed the Verdict and sought a mistrial (the "Appeal").  The parties still await a decision from the Appellate Division as to the Appeal.

## The Insurance Policies

5.     At all times relevant to the facts that form the basis of the Underlying Complaint, Fellus was a medical doctor employed by Kessler.

6.     At all relevant times hereto Kessler maintained a $2,000,000.00 self-insured retention policy through Select Medical Corporation (referred to hereinafter interchangeably as "Select Medical" and/or the "Select Medical policy"), as well as a professional liability excess policy with Columbia Casualty Company (referred to hereinafter interchangeably as "Columbia" and/or the "Columbia policy").

2

7.    At all relevant times hereto Fellus was a named insured under both Select Medical and Columbia policies.

8.    Select Medical and Columbia were first notified of the claims which formed the basis of the Underlying Complaint on or before March 2011.

9.    In response to their notice of the Underlying Complaint, defendant ESIS ProClaim, third party administrator to Select Medical issued a March 21, 2011 correspondence. **See Exhibit B attached.**

10.    In response to their notice of the Underlying Complaint, defendant CNA HealthPro Claims, third party administrator to Columbia issued a March 7, 2011 correspondence. **See Exhibit C attached.**

11.    Neither correspondence expressly asserted denial of coverage for the claims asserted in the Underlying Complaint.

12.    In its March 21st correspondence defendant ESIS ProClaim stated "coverage for claims adjusted within the [$2,000,000.00 self-insured retention policy (SIR) known as the Select Medical policy...] is controlled by the provisions of the [Columbia policy]. As such, we incorporate by reference...the coverage letter issued by Columbia dated March 7, 2011 attached." "By this letter we advise you that the coverage limitations/reservations raised by [Columbia] also apply to the $2,000,000.00 SIR." **See Exhibit B.**

13.    This March 21st correspondence did not make direct reference to Select Medical policy provisions or exclusions.

14.    The March 21st correspondence then concluded, "Various provisions of the [Columbia] Policy **may limit or preclude** an obligation to indemnify you for the damages sought in the [Underlying Complaint]. We direct you to the attached letter from [Columbia] for

specific information regarding the terms and conditions of coverage. ESIS ProClaim's failure to cite all relevant policy provisions should not be construed as a waiver of any right that ESIS ProClaim has to rely on other policy provisions to limit or preclude an indemnity obligation under the policy Terms. All such rights are fully reserved." **Exhibit B (Emphasis Added).**

15.     In direct contradiction to the assertions set forth in this March 21st correspondence, the referenced March 7th correspondence of defendant CNA Health ProClaims stated, "the Policy is an umbrella policy, and has no duty to indemnify until the underlying self-insured retention and other applicable insurance coverage is exhausted, and until there has been a final adjudication of the [Underlying Complaint] on the merits, or a compromise or settlement of the lawsuit has been reached." **See Exhibit C.**

16.     In a section titled "**III. COVERAGE POSITION**" the March 7th correspondence provided:

> "Various provisions of the [Columbia policy] **may limit or preclude** an obligation to indemnify you for the damages sought in the [Underlying Complaint]. A number of those provisions are set forth below. We direct you to the [Columbia policy] for more information regarding the terms and conditions of coverage." **Exhibit C (Emphasis Added), page 2.**

17.     The March 7th correspondence further referred to the following Columbia policy provisions:

> "**Expected of Intended Injury Exclusion**:
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the injured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property. The exclusion does not apply to "professional liability claims". Nor does this exclusion apply if insurance for "bodily injury" is provided by a policy listed in the schedule of "underlying insurance". However, the insurance provided by our policy will be no broader than the insurance coverage provided by such scheduled "underlying insurance"."

4

"**Criminal violation Exclusion:**

The insurance does not apply to:

**s.      criminal violation**

"Any law or regulation imposing criminal penalties or liability arising out of the violation by others, with the insured's consent, of any law or regulation imposing criminal penalties." **See Exhibit C, pages 4-5.**

18.     As to these aforementioned cited provisions, the March 21st correspondence stated, "[The Columbia policy] reserves the right to deny any obligation to indemnify you for such damages to the extent that the expected or intended exclusion applies to preclude coverage" and ""[The Columbia policy] reserves the right to deny any obligation to indemnify you for such damages to the extent that the criminal violation exclusion applies to preclude coverage." **See Exhibit C, pages 4-5.**

19.     Subsection "**IV. OTHER RESERVATIONS**" of the March 7th correspondence provided:

"In addition to the reservation of rights set forth above, [the Columbia policy] reserves the following rights:

- …to deny any obligation to indemnify you for any damages to the extent that the underlying facts do not qualify as a 'claim' or 'professional liability claim' as those terms are defined in the [Columbia policy];

- …to deny coverage for any award of punitive damages;

- …to deny or limit coverage to the extent there is other applicable insurance coverage….; and

To institute a declaratory judgment action to determine its rights and obligations, if any, to you." **See Exhibit C, page 5.**

20.     Neither Select Medical nor Columbia expressly denied coverage in their correspondence of March 7th and March 21st, or for that matter at any time.

21.     There is no correspondence from any Defendant, in follow up to the March 7th and 21st correspondence, which confirms denial of coverage herein or a reservation of rights; nor have Defendants produced any written denials of coverage in response to Plaintiff's request for same.

22.     Neither Select Medical nor Columbia ever instituted a declaratory action to determine their rights and obligations under the policies to provide coverage.

23.     Under these circumstances Select Medical and Columbia have waived and/or are now estopped from asserting the inapplicability of these insurance policies.

24.     Neither Select Medical nor Columbia ever assigned counsel to Fellus to defend against the claims in the Underlying Complaint.

25.     As a result of Defendants' inaction, Fellus has suffered and will continue to suffer damages.  For the past several years he has incurred hundreds of thousands of dollars of legal fees, expert fees, and other necessary expenses.  If the Appellate Division orders a new trial in the underlying matter, Fellus will continue to incur significant fees and costs.

**WHEREFORE** plaintiff, Jonathan Fellus, seeks a declaration from this Court that:

a)   Select Medical Holdings Group and Columbia Casualty Company owe plaintiff, Jonathan Fellus a duty to defend and/or indemnify him in the underlying litigation instituted in the Superior Court of New Jersey, Essex County bearing Docket No. ESX-L-007684-10;

b)   Select Medical Holdings Group and Columbia Casualty Company shall reimburse all sums to plaintiff, Jonathan Fellus that he has already paid to attorneys and third

6

parties, in defense of the underlying litigation instituted in the Superior Court of New Jersey, Essex County bearing Docket No. ESX-L-007684-10;

c)  Select Medical Holdings Group and Columbia Casualty Company shall indemnify plaintiff, Jonathan Fellus, for any judgment that is eventually entered against him in the underlying litigation instituted in the Superior Court of New Jersey, Essex County bearing Docket No. ESX-L-007684-10; and

d)  Attorneys' Fees, costs of suit and all such other relief that this Court deems fair and just.

## COUNT TWO

26.     The Plaintiff repeats and realleges all of the aforementioned allegations, as though fully set forth herein.

27.     Defendants owed a fiduciary relationship to the insured, Jonathan Fellus, by virtue of him being a named insured on both the Select Medical and Columbia policies.

28.     Defendants after receiving notice of the Underlying Complaint, owed an additional duty to promptly investigate and resolve the claim filed by Fellus.

29.     By defendants failure to timely investigate the claim and/or by their impassive conduct, defendants frustrated the rights of their insured.

30.     There was no reasonable basis upon which defendants could deny coverage as to the Underlying Complaint.

31.     Defendants consciously or recklessly disregarded the absence of a reasonable basis to deny coverage as to the Underlying Complaint.

32.     Defendants by failing to settle the claim within the policy limits of its insured, with full knowledge that the claim could have been settled within the policy limits, exposed their insured to a verdict in excess of the policy limits.

33.     Defendants having contractually restricted the negotiating power of its insured, had a positive fiduciary duty to take the initiative and attempt to negotiate a settlement within its policy coverage.

34.     By failing to settle the case within the insured's policy limits, defendants breached their fiduciary duty owed to their insured and allowed a judgment to be entered against him in the amount of $3,200,000.00.

35.     By allowing a judgment to be entered against the insured in excess of the policy limits, and by not agreeing to fully indemnify their insured for the full amount of the verdict, plus interest and costs of suit, defendants have severely damaged their insured.

**WHEREFORE**, the plaintiff, Jonathan Fellus, demands judgment against the Defendants for both compensatory and punitive damages, interests, attorneys' fees, costs of suit and all such other relief that this Court deems fair and just.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues.

## CERTIFICATION

Pursuant to Rule 4:5-1, I hereby certify that to my knowledge the within matter in controversy is the subject of one lawsuit instituted in the Superior Court of New Jersey, Essex County, bearing Docket No. ESX-L-007684-10.  To my knowledge no other action or arbitration is contemplated.

8

## DEMAND FOR PRODUCTION OF DOCUMENTS

Plaintiff hereby demands, pursuant to R. 4:18-1, that the defendants produce the following documents at this office within 45 days:

1.      The entire claim file regarding the underlying claim of <u>Schroth v. Fellus, et al.</u>, Superior Court of New Jersey, Essex County bearing Docket No. ESX-L-007684-10.

2.      All claims manuals and educational materials in existence at the time of the underlying loss.

3.      All underwriting policies and guidelines.

4.      All internal memoranda from or to claims representatives regarding opinions regarding the potential value of the case.

5.      All letters received from outside counsel regarding potential value of case, and what case could be settled for.

6.      All documents regarding policies for setting up reserve amounts and those documents specific to the underlying claims.

7.      All documents which you claim entitle Select Medical and/or Columbia Casualty to not pay the entire amount of the verdict.

8.      Any documents and/or other writings written to the insured regarding the recommendation that the insured obtain his own personal counsel.

9.      Any documents and/or other writings written to the insured regarding the recommendation that deny coverage in the underlying claim of <u>Schroth v. Fellus, et al</u>, Superior Court of New Jersey, Essex County bearing Docket No. ESX-L-007684-10.

10.     Any documents and/or other writings written to the insured following the verdict.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designated, Evan L. Goldman, as its trial counsel in this matter, pursuant to R. 4:25-4.

GOLDMAN, DAVIS & GUTFLEISH, P.C.
*Attorneys for Plaintiff, Jonathan Fellus*

By: _____
          EVAN L. GOLDMAN

Dated: April 25, 2017

9



**BRITCHER, LEONE & ROTH, L.L.C.**
175 Rock Road
Glen Rock, NJ 07452
(201) 444-1644
Attorneys for the Plaintiff

|  |  |
|---|---|
| LORETTE SCHROTH, | : SUPERIOR COURT OF NEW JERSEY |
|  | : LAW DIVISION: ESSEX COUNTY |
|  | : DOCKET NO. ESX-L-7684-0 |
| Plaintiff, | : |
|  | : |
| -vs- | : **CIVIL ACTION** |
|  | : |
| JONATHAN FELLUS, MD; KESSLER | : **COMPLAINT, JURY DEMAND, AND** |
| INSTITUTE FOR REHABILITATION; | : **DESIGNATION OF TRIAL COUNSEL** |
| JOHN DOE 1-20; JANE DOE 1-20; | : |
| fictitious names, | : |
|  | : |
| Defendants. | : |

Plaintiff, **LORETTE SCHROTH**, residing at 18 Hilvista Boulevard  in the City of

Trenton, County of Mercer and State of New Jersey, by way of Complaint against the defendants,

herein says:

### FIRST COUNT

1.     Upon information and belief, on or about September 15, 2008 and for some time

prior thereto and thereafter, defendant, JONATHAN L. FELLUS, MD, was and is a duly licensed

physician in the State of New Jersey specializing in Neurology with offices at 240 Central Avenue

in the City of East Orange, County of Essex and State of New Jersey.

2.     On or about September 15, 2008, the plaintiff, LORETTE SCHROTH, presented

herself to the above defendant for medical care and treatment of a closed head injury.

3.     As a result of the injury for which the plaintiff was being treated by the defendant,

the plaintiff had a distorted perception of reality, a compromised ability to make conscious and rational decisions, and was overly emotional and hypersensitive.

4.  The defendant, JONATHAN L. FELLUS, MD, as plaintiff's physician, was in a position of authority and knew, or should have known, of plaintiff's emotional vulnerability, inability to form rational and realistic decisions and misguided belief that she needed him.

5.  The defendant, JONATHAN L. FELLUS, MD, abused his position as plaintiff's physician by making physical advances toward the plaintiff, LORETTE SCHROTH, and ultimately engaging in an inappropriate sexual relationship with her in violation of N.J.A.C. 13:35-6.3.

6.  As a direct result of the defendant's conduct, the plaintiff, LORETTE SCHROTH, suffered severe emotional harm, loss, injury and damage.

**WHEREFORE**, plaintiff, LORETTE SCHROTH, demands judgment against the defendant, JONATHAN L. FELLUS, MD, for the following:

a)  actual and compensatory damages;

b)  incidental and consequential damages;

c)  punitive damages;

d)  attorneys' fees and costs of suit;

e)  pre and post-judgment interest, and

f)  such other and further relief as the Court may deem equitable and just.

## SECOND COUNT

1.  Plaintiff repeats each and every allegation contained in the First Count of the Complaint as though duly set forth herein and at length.

2

2.     The aforementioned conduct committed by the defendant, JONATHAN L. FELLUS, MD, constitutes intentional infliction of emotional distress in that it is outrageous, malicious, intentional and beyond all bounds of decency and has proximately caused plaintiff to suffer severe emotional harm, loss, injury and damage.

3.     The aforementioned conduct is outrageous, malicious and was done with specific intent of injuring the plaintiff or in reckless disregard for the rights of the plaintiff and her fragile condition.

**WHEREFORE**, plaintiff, LORETTE SCHROTH, demands judgment against the defendant, JONATHAN L. FELLUS, MD, for the following:

a)     actual and compensatory damages;

b)     incidental and consequential damages;

c)     punitive damages;

d)     attorneys' fees and costs of suit;

e)     pre and post-judgment interest, and

f)     such other and further relief as the Court may deem equitable and just.

### THIRD COUNT

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

1.     Plaintiff repeats each and every allegation contained in the First and Second Counts of the Complaint as though duly set forth herein and at length.

2.     Defendant, JONATHAN L. FELLUS, MD, had a duty not to engage in conduct that would result in physical or psychological harm to another.

3

3.      It was reasonably foreseeable by the defendant, JONATHAN L. FELLUS, MD, that his conduct would cause severe emotional harm, loss, injury and damage to the plaintiff.

4.      The aforementioned conduct by the defendant, JONATHAN L. FELLUS, MD, constitutes a breach of this duty and standard of care.

5.      The aforementioned conduct has proximately caused plaintiff to suffer severe emotional harm, loss, injury and damage.

**WHEREFORE**, plaintiff, LORETTE SCHROTH, demands judgment against the defendant, JONATHAN L. FELLUS, MD., for the following:

a)      actual and compensatory damages;

b)      incidental and consequential damages;

c)      punitive damages;

d)      attorneys' fees and costs of suit;

e)      pre and post-judgment interest, and

f)      such other and further relief as the Court may deem equitable and just.

## FOURTH COUNT

### (Medical Malpractice)

1.      Plaintiff repeats each and every allegation contained in the First through Third Counts of the Complaint as though duly set forth herein and at length.

2.      On or about September 15, 2008, and for some time prior thereto and thereafter, defendant, JONATHAN L. FELLUS, MD., was a duly licensed physician specializing in Neurology in the State of New Jersey.

4

2.     On or about September 15, 2008, plaintiff, LORETTE SCHROTH, presented herself for care and treatment of her closed head injury by the defendant, JONATHAN L. FELLUS, MD.

3.     At the time aforementioned, the defendant, JONATHAN L. FELLUS, MD, agreed to undertake and provide the plaintiff, LORETTE SCHROTH, with medical care in accordance with accepted standards of reasonable medical practice(s).

4.     At the times aforementioned, defendant, JONATHAN L. FELLUS, MD, undertook to provide plaintiff with medical care and treatment, which defendant represented would be undertaken in accordance with accepted standards of reasonable medical practice(s).

5.     At the times aforementioned, defendant, JONATHAN L. FELLUS, MD, negligently failed to exercise the degree of care required by accepted standards of good medical practice(s) in that he failed to properly diagnose, treat and care for the plaintiff's medical condition(s).

6.     As a result of the defendants' negligence as aforementioned, plaintiff, LORETTE SCHROTH, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate herself, and was rendered unable to attend to her duties.

**WHEREFORE**, plaintiff, LORETTE SCHROTH, demands Judgment against defendants, JONATHAN L. FELLUS, MD, KESSLER INSTITUTE FOR REHABILITATION, JOHN DOE 1-10 and JANE DOE 1-10 individually, jointly, severally and/or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

5

## FIFTH COUNT

1.      Plaintiff repeats each and every allegation contained in the First through Fourth Counts of the Complaint as though duly set forth herein and at length.

2.      On or about September 15, 2008, and for some time prior thereto, KESSLER INSTITUTE FOR REHABILITATION, located at 240 Central Avenue in the City of East Orange, County of Essex and State of New Jersey was and is a duly licensed health care facility under the laws of the State of New Jersey, providing medical care to the public.

3.      At the aforementioned time, Plaintiff, LORETTE SCHROTH, came under the care of the above-named health care facility which undertook and owed the duty to provide care to Plaintiff in accordance with accepted standards of good and reasonable medical practices.

4.      At the time of the aforementioned presentation of the Plaintiff, LORETTE SCHROTH, the defendant, KESSLER INSTITUTE FOR REHABILITATION, by and through its respective agents, servants, employees and/or assigns, agreed to undertake and provide the plaintiff with medical care and treatment in accordance with accepted standards of reasonable medical practices.

5.      At the time aforementioned, defendant, KESSLER INSTITUTE FOR REHABILITATION, by and through its respective agents, servants, employees and/or assigns, negligently failed to exercise the degree of care required by accepted standards of good medical practices in that the defendant, by and through its respective agents, servants, employees and/or assigns, failed to provide the plaintiff with medical care, diagnosis and treatment in accordance with accepted standards of good and reasonable medical practices.

6

6.      As a result of the defendants' negligence as aforementioned, plaintiff, LORETTE SCHROTH, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate herself, and was rendered unable to attend to her duties.

**WHEREFORE**, plaintiff, LORETTE SCHROTH, demands Judgment against defendants, JONATHAN L. FELLUS, MD, KESSLER INSTITUTE FOR REHABILITATION, JOHN DOE 1-10 and JANE DOE 1-10 individually, jointly, severally and/or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

## SEVENTH COUNT

### (*Respondeat Superior*)

1.      Plaintiff repeats each and every allegation contained in the First through Sixth Counts of the Complaint as though duly set forth herein and at length.

2.      At all times relevant hereto and for some time prior thereto and thereafter, the defendants, JONATHAN L. FELLUS, MD, JOHN DOE 1-10 and JANE DOE 1-10 were employees, servants, agents and/or assigns of the defendant, KESSLER INSTITUTE FOR REHABILITATION.

3.      The defendant, KESSLER INSTITUTE FOR REHABILITATION, owed to all members of the public and mor particularly to the plaintiff, LORETTE SCHROTH, the duty to exercise reasonable care that employees, servants, agents and/or assigns of the defendant, would undertake and provide the plaintiff with medical care and treatment in accordance with accepted

7

standards of reasonable medical practices.

4.    At all times relevant hereto, defendant, JONATHAN L. FELLUS, MD, JOHN DOE 1-10 and JANE DOE 1-10 were acting within the scope of their employment and were otherwise acting as agents within the control of the defendant, KESSLER INSTITUTE FOR REHABILITATION.

5.    Under the doctrine of *respondeat superior*, the defendant, KESSLER INSTITUTE FOR REHABILITATION, was and is liable for the actions of its employees, the defendants, JONATHAN L. FELLUS, MD, JOHN DOE 1-10 and JANE DOE 1-10..

6.    As a result of the defendants' failure to properly treat the plaintiff, LORETTE SCHROTH suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate herself, and was rendered unable to attend to her duties.

**WHEREFORE,** plaintiff, LORETTE SCHROTH, demands Judgment against defendants, JONATHAN L. FELLUS, MD, KESSLER INSTITUTE FOR REHABILITATION, JOHN DOE 1-10 and JANE DOE 1-10 individually, jointly, severally and/or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

## EIGHTH COUNT

### (Apparent Authority)

1.    Plaintiff repeats each and every allegation contained in the First through Seventh Counts of the Complaint as though duly set forth herein and at length.

8

2.    At all times relevant hereto and for some time prior thereto and thereafter, the defendants, JONATHAN L. FELLUS, MD, JOHN DOE 1-10 and JANE DOE 1-10 were employees, servants, agents and/or assigns of the defendant, KESSLER INSTITUTE FOR REHABILITATION.

3.    The plaintiff, LORETTE SCHROTH, came under the care of the defendant, JONATHAN L. FELLUS, MD, at the brain injury program operated out of KESSLER INSTITUTE FOR REHABILITATION, where she relied upon defendant's care and skill as an agent of the defendant, KESSLER INSTITUTE FOR REHABILITATION.

4.    At all times relevant hereto, defendant, JONATHAN L. FELLUS, MD, was acting within the scope of his employment and was otherwise acting as an agent within the control of the defendant, KESSLER INSTITUTE FOR REHABILITATION.

5.    Under the doctrine of apparent authority, the defendant, KESSLER INSTITUTE FOR REHABILITATION, was and is liable for the actions of its employees, the defendants, JONATHAN L. FELLUS, MD, JOHN DOE 1-10 and JANE DOE 1-10..

6.    As a result of the defendants' failure to properly treat the plaintiff, LORETTE SCHROTH suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate herself, and was rendered unable to attend to her duties.

WHEREFORE, plaintiff, LORETTE SCHROTH, demands Judgment against defendants, JONATHAN L. FELLUS, MD, KESSLER INSTITUTE FOR REHABILITATION, JOHN DOE 1-10 and JANE DOE 1-10 individually, jointly, severally and/or in the alternative for compensatory

9

damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

## NINTH COUNT

### (Negligent Hiring)

1.     Plaintiff repeats each and every allegation contained in the First through Eighth Counts of the Complaint as though duly set forth herein and at length.

2.     At all times relevant hereto, and for some time prior thereto and thereafter, defendant, KESSLER INSTITUTE FOR REHABILITATION, was responsible for the selection of the employees, agents, servants, assigns and/or independently contracted individuals who were involved in the total medical care of the plaintiff, LORETTE SCHROTH.

3.     The defendant, KESSLER INSTITUTE FOR REHABILITATION, owed to all members of the public and more particularly to the plaintiff, LORETTE SCHROTH, the duty of exercising reasonable care for the safety of others in the selection of persons responsible for the total medical care of the plaintiff, LORETTE SCHROTH.

4.     At the aforementioned time, defendant, KESSLER INSTITUTE FOR REHABILITATION, negligently failed to exercise reasonable care for the safety of others in its hiring of persons responsible for the total medical care of the plaintiff, LORETTE SCHROTH.

5.     As a result of the defendant's negligence as aforementioned, the plaintiff, LORETTE SCHROTH, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate herself, and was rendered unable to attend to her duties.

WHEREFORE, plaintiff, LORETTE SCHROTH, demands Judgment against defendants, JONATHAN L. FELLUS, MD, KESSLER INSTITUTE FOR REHABILITATION, JOHN DOE 1-10 and JANE DOE 1-10 individually, jointly, severally and/or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

## TENTH COUNT

### (Negligent Supervision)

1.     Plaintiff repeats each and every allegation contained in the First through Ninth Counts of the Complaint as though duly set forth herein and at length.

2.     At all times relevant hereto, and for some time prior thereto and thereafter, defendant, KESSLER INSTITUTE FOR REHABILITATION, was responsible for the supervision of the employees, agents, servants, assigns and/or independently contracted individuals who were involved in the total medical care of the plaintiff, LORETTE SCHROTH.

3.     The defendant, KESSLER INSTITUTE FOR REHABILITATION, owed to all members of the public and more particularly to the plaintiff, LORETTE SCHROTH, the duty of exercising reasonable care for the safety of others in the supervision of the employees, agents, servants, assigns and/or independently contracted individuals who were responsible for the total medical care of the plaintiff, LORETTE SCHROTH.

4.     The defendant, KESSLER INSTITUTE FOR REHABILITATION, having given express and/or implied permission to the defendant, JONATHAN L. FELLUS, MD, to treat the plaintiff, failed to exercise reasonable care in its supervision under the circumstances and was

11

otherwise negligent.

5.       As a result of the defendant's negligence as aforementioned, the plaintiff, LORETTE SCHROTH, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate herself, and was rendered unable to attend to her duties.

**WHEREFORE**, plaintiff, LORETTE SCHROTH, demands Judgment against defendants, JONATHAN L. FELLUS, MD, KESSLER INSTITUTE FOR REHABILITATION, JOHN DOE 1-10 and JANE DOE 1-10 individually, jointly, severally and/or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

## ELEVENTH COUNT

1.       Plaintiff repeats each and every allegation contained in the First through Tenth Counts of the Complaint as though duly set forth herein and at length.

2.       On or about September 15, 2008, and for some time prior thereto, defendants JOHN DOE 1-10 and/or JANE DOE 1-10, were physicians, nurses, administrators, health care professionals, social workers and/or other individuals working at KESSLER INSTITUTE FOR REHABILITATION.

3.       The Defendants, JOHN DOE 1-10 and/or JANE DOE 1-10, are named fictitiously herein due to Plaintiff's lack of information and knowledge as to the true identity of said JOHN DOE 1-10 and/or JANE DOE 1-10. At such time as the Plaintiff learns the true identity of JOHN DOE 1-10 and/or JANE DOE 1-10, this Complaint will be amended to reflect same.

12

4.      On or about September 15, 2008 the plaintiff, LORETTE SCHROTH, presented herself for medical care and treatment to the defendant, JONATHAN L. FELLUS, MD, at KESSLER INSTITUTE FOR REHABILITATION..

5.      At the time of the aforementioned presentation of Plaintiff, LORETTE SCHROTH, for medical care and treatment, Defendants, JOHN DOE 1-10 and/or JANE DOE 1-10, knew, or should have known about the improper conduct of the defendant, JONATHAN L. FELLUS, MD, and his inappropriate relationship with the plaintiff, but failed to take action or otherwise keep the defendant from engaging in the relationship.

6.      As a result of the defendants' negligence as aforementioned, plaintiff, LORETTE SCHROTH, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate herself, and was rendered unable to attend to her duties.

WHEREFORE, plaintiff, LORETTE SCHROTH, demands Judgment against defendants, JONATHAN L. FELLUS, MD, JOHN DOE 1-10 and JANE DOE 1-10  individually, jointly, severally and/or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

### JURY DEMAND

PLEASE TAKE NOTICE that the Plaintiff demands that the issues herein be tried by a jury.

## DESIGNATION OF TRIAL COUNSEL

E. DREW BRITCHER, ESQ., is hereby designated as trial counsel in the above-captioned matter.

BRITCHER, LEONE & ROTH, L.L.C.
Attorneys for the Plaintiffs

Dated: September 13, 2010          By: _____

MINDY MICHAELS ROTH

## CERTIFICATION PURSUANT TO R. 4:5-1

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy in this action is not the subject of any pending action or arbitration and that no such action or arbitration is presently contemplated.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

BRITCHER, LEONE & ROTH, L.L.C.
Attorneys for the Plaintiffs

Dated: September 13, 2010          By: _____

MINDY MICHAELS ROTH

**Appendix XII-B1**

| | CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
| | | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| | | CHG/CK NO. |
| | | AMOUNT: |
| | | OVERPAYMENT: |
| | | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME Mindy Michaels Roth, Esq. | TELEPHONE NUMBER (201) 444-1644 | COUNTY OF VENUE Essex |
|---|---|---|
| FIRM NAME (if applicable) Britcher, Leone & Roth, LLC | | DOCKET NUMBER (when available) ESX-L-7684-10 |
| OFFICE ADDRESS 175 Rock Road Glen Rock, NJ 07452 | | DOCUMENT TYPE Complaint and Jury Demand |
| | | JURY DEMAND ■ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) Lorette Schroth | CAPTION Schroth v. Jonathan L. Fellus, MD, Kessler Institute for Rehabilitation, et al. |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing) 604 | IS THIS A PROFESSIONAL MALPRACTICE CASE? ■ YES ☐ NO IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A.-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING? ■ YES ☐ NO | IF YES, LIST DOCKET NUMBERS MER-L-332-09 |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☐ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION | | |
|---|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ☐ NO | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS ☐ OTHER (explain) |
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☐ NO | | |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION
Medical malpractice and inappropriate physician/patient relationship.

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ■ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *Mindy Michaels Roth*

Effective 07/01/2010, CN 10517-English



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603 AUTO NEGLIGENCE – PERSONAL INJURY
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 006 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 280 Zelnorm
- 285 Stryker Trident Hip Implants
- 288 Prudential Tort Litigation

**Mass Tort (Track IV)**

| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 282 | FOSAMAX |
| 271 | ACCUTANE | 283 | DIGITEK |
| 272 | BEXTRA/CELEBREX | 284 | NUVARING |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 286 | LEVAQUIN |
| 275 | ORTHO EVRA | 287 | YAZ/YASMIN/OCELLA |
| 277 | MAHWAH TOXIC DUMP SITE | 601 | ASBESTOS |
| 278 | ZOMETA/AREDIA | 619 | VIOXX |
| 279 | GADOLINIUM | | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category
☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

**BLUME, GOLDFADEN, BERKOWITZ,**
**DONNELLY, FRIED & FORTE**
A Professional Corporation
One Main Street
Chatham, New Jersey 07928
(973) 635-5400
Attorneys for Plaintiff

| | |
|---|---|
| LORETTE SCHROTH, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: ESSEX COUNTY |
| Plaintiff, | DOCKET NO.: ESX-L-7684-10 |
| vs. | |
| JONATHAN FELLUS, MD, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., KESSLER PROFESSIONAL SERVICES, LLC, JOHN DOE 1-20, JANE DOE 1-20; fictitious names, | Civil Action |
| | AMENDED COMPLAINT, JURY DEMAND AND DESIGNATION OF TRIAL COUNSEL |
| Defendants. | |

Plaintiff, LORETTE SCHROTH, residing at 18 Hilvista Boulevard in the City of

Trenton, County of Mercer and State of New Jersey, by way of Complaint against the defendants,

herein says:

<u>FIRST COUNT</u>

1. Upon information and belief on or about September 15, 2008 and for some time prior

thereto and thereafter, defendant, JONATHAN L. FELLUS, MD, was and is a duly licensed

physician in the State of New Jersey specializing in Neurology with offices at 240 Central

Avenue in the City of East Orange, County of Essex and State of New Jersey.

2.  On or about September 15, 2008, the plaintiff, LORETTE SCHROTH, presented herself to the above defendant for medical care and treatment of a closed head injury.

3.  As a result of the injury for which the plaintiff was being treated by the defendant, the plaintiff had a distorted perception of reality, a compromised ability to make conscious and rational decisions, and was overly emotional and hypersensitive.

4.  The defendant, JONATHAN L. FELLUS, MD, as plaintiff's physician, was in a position of authority and knew, or should have known, of plaintiff's emotional vulnerability, inability to form rational and realistic decisions and misguided belief that she needed him.

5.  The defendant, JONATHAN L. FELLUS, MD, abused his position as plaintiff's physician by making physical advances toward the plaintiff, LORETTE SCHROTH, and ultimately engaging in an inappropriate sexual relationship with her in violation of NJAC 13:35-6.3.

6.  As a direct result of the defendant's conduct, the plaintiff, LORETTE SCHROTH, suffered severe emotional harm, loss, injury and damage.

WHEREFORE, plaintiff, LORETTE SCHROTH, demands judgment against the defendant, JONATHAN L. FELLUS, MD, for the following:

a)   actual and compensatory damages;

b)   incidental and consequential damages;

c)   punitive damages;

d)   attorneys' fees and costs of suit;

e)   pre and post-judgment interest; and

f)   such other and further relief as the Court may deem equitable and just.

<u>SECOND COUNT</u>

1.  Plaintiff repeats each and every allegation contained in the First Count of the complaint as though duly set forth herein and at length.

2.  The aforementioned conduct committed by the defendant, JONATHAN L.FELLUS, MD, constitutes intentional infliction of emotional distress in that it is outrageous, malicious, intentional and beyond all bounds of decency and has proximately caused plaintiff to suffer severe emotional harm, loss, injury and damage.

3.  The aforementioned conduct is outrageous, malicious and was done with specific intent of injuring the plaintiff or in reckless disregard for the rights of the plaintiff and her fragile condition.

WHEREFORE, plaintiff, LORETTE SCHROTH, demands judgment against the defendant, JONATHAN L. FELLUS, MD, for the following:

     a)     actual and compensatory damages;

     b)     incidental and consequential damages;

     c)     punitive damages;

     d)     attorneys' fees and costs of suit;

     e)     pre and post-judgment interest, and

     f)     such other and further relief as the Court may deem equitable and just

<u>THIRD COUNT</u>

(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

1.  Plaintiff repeats each and every allegation contained in the First and Second Counts of the Complaint as though duly set forth herein and at length.

2. Defendant, JONATHAN L. FELLUS, MD, had a duty not to engage in conduct that would result in physical or psychological harm to another.

3. It was reasonably foreseeable by the defendant, JONATHAN L. FELLUS, MD, that his conduct would cause severe emotional harm, loss, injury and damage to the plaintiff.

4. The aforementioned conduct by the defendant, JONATHAN L. FELLUS, MD, constitutes a breach of this duty and standard of care.

5. The aforementioned conduct has proximately caused plaintiff to suffer severe emotional harm, loss, injury and damage.

WHEREFORE, plaintiff, LORETTE SCHROTH, demands judgment against the defendant, JONATHAN L. FELLUS, MD., for the following:

a)   actual and compensatory damages;

b)   incidental and consequential damages;

c)   punitive damages;

d)   attorneys' fees and costs of suit;

e)   pre and post-judgment interest, and

f)   such other and further relief as the Court may deem equitable and just.

FOURTH COUNT

(Medical Malpractice)

1. Plaintiff repeats each and every allegation contained in the First through Third Counts of the Complaint as though duly set forth herein and at length.

2. On or about September 15, 2008, and for some time prior thereto and thereafter, defendant, JONATHAN L. FELLUS, MD., was a duly licensed physician specializing in Neurology in the State of New Jersey,

3.   On or about September 15, 2008, plaintiff, LORETTE SCHROTH, presented herself for care and treatment of her closed head injury by the defendant, JONATHAN L. FELLUS, MD.

4.   At the time aforementioned, the defendant, JONATHAN L. FELLUS, MD, agreed to undertake and provide the plaintiff, LORETTE SCHROTH, with medical care in accordance with accepted standards of reasonable medical practice(s).

5.   At the times aforementioned, defendant, JONATHAN L. FELLUS, MD, undertook to provide plaintiff with medical care and treatment, which defendant represented would be undertaken in accordance with accepted standards of reasonable medical practice(s).

6.   At the times aforementioned, defendant, JONATHAN L. FELLUS, MD, negligently failed to exercise the degree of care required by accepted standards of goad medical practice(s) in that he failed to properly diagnose, treat and care for the plaintiffs medical condition(s).

7.   As a result of the defendants' negligence as aforementioned, plaintiff, LORETTE SCHROTH, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate herself, and was rendered unable to attend to her duties.

WHEREFORE, plaintiff, LORETTE SCHROTH, demands Judgment against defendants, JONATHAN L. FELLUS, MD, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., KESSLER PROFESSIONAL SERVICES, LLC, JOHN DOE 1- 10 and JANE DOE 1-10 individually, jointly, severally and/or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

## FIFTH COUNT

1. Plaintiff repeats each and every allegation contained in the First through Fourth Counts of the Complaint as though duly set forth herein and at length.

2. On or about September 15, 2008, and for some time prior thereto, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., and KESSLER PROFESSIONAL SERVICES, LLC, were and are duly licensed health care facilities under the laws of the State of New Jersey, providing medical care to the public.

3. At the aforementioned time, Plaintiff, LORETTE SCHROTH, came under the care of the above-named health care facilities which undertook and owed the duty to provide care to Plaintiff in accordance with accepted standards of good and reasonable medical practices.

4. At the time of the aforementioned presentation of the Plaintiff, LORETTE SCHROTH, the defendants, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., KESSLER PROFESSIONAL SERVICES, LLC, by and through its respective agents, servants, employees and/or assigns, agreed to undertake and provide the plaintiff with medical care and treatment in accordance with accepted standards of reasonable medical practices.

5. At the time aforementioned, defendants, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., KESSLER PROFESSIONAL SERVICES, LLC, by and through their respective agents, servants, employees and/or assigns, negligently failed to exercise the degree of care required by accepted standards of good medical practices in that the defendants, by and through their respective agents, servants, employees and/or assigns, failed to provide the plaintiff with medical care, diagnosis and treatment in accordance with accepted standards of good and reasonable medical practices.

6.  As a result of the defendants' negligence as aforementioned, plaintiff, LORETTE

SCHROTH, suffered painful and permanent injuries, incured and will in the future incur

substantial medical expenses in an effort to cure and rehabilitate herself, and was rendered unable

to attend to her duties.

WHEREFORE, plaintiff, LORETTE SCHROTH, demands Judgment against defendants,

JONATHAN L. FELLUS, MD, KESSLER INSTITUTE FOR REHABILITATION, KESSLER

INSTITUTE FOR REHABILITATION, INC., KESSLER PROFESSIONAL SERVICES, LLC,

JOHN DOE 1-10 and JANE DOE 1-10 individually, jointly, severally and/or in the alternative

for compensatory damages, interest thereon, costs of suit and such other and further relief as the

Court deems equitable and just.

<u>SEVENTH COUNT</u>

[Respondeat Superior]

1.  Plaintiff repeats each and every allegation contained in the First through Sixth Counts

of the Complaint as though duly set forth herein and at length.

2.  At all times relevant hereto and for some time prior thereto and thereafter, the

defendants, JONATHAN L. FELLUS, MD, JOHN DOE 1-10 and JANE DOE 1-10 were

employees, servants, agents and/or assigns of the defendants, KESSLER INSTITUTE FOR

REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., and KESSLER

PROFESSIONAL SERVICES, LLC.

3.  The defendants, KESSLER INSTITUTE FOR REHABILITATION, KESSLER

INSTITUTE FOR REHABILITATION, INC., and KESSLER PROFESSIONAL SERVICES,

LLC owed to all members of the public and more particularly to the plaintiff, LORETTE

SCHROTH, the duty to exercise reasonable care that employees, servants, agents and/or assigns

of the defendant, would undertake and provide the plaintiff with medical care and treatment in accordance with accepted standards of reasonable medical practices.

4.   At all times relevant hereto, defendant, JONATHAN L. FELLUS, MD, JOHN DOE 1-1 0 and JANE DOE 1-1 0 were acting within the scope of their employment and were otherwise acting as agents within the control of the defendants, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., and KESSLER PROFESSIONAL SERVICES, LLC.

5.   Under the doctrine of *respondeat superior*, the defendants, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., and KESSLER PROFESSIONAL SERVICES, LLC were and are liable for the actions of its employees, the defendants, JONATHAN L. FELLUS, MD, JOHN DOE 1-10 and JANE DOE 1-10.

6.   As a result of the defendants' failure to properly treat the plaintiff, LORETTE SCHROTH suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate herself, and was rendered unable to attend to her duties.

WHEREFORE, plaintiff, LORETTE SCHROTH, demands Judgment against defendants, JONATHAN L. FELLUS, MD, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., KESSLER PROFESSIONAL SERVICES, LLC, JOHN DOE 1-1 0 and JANE DOE 1-10 individually, jointly, severally and/or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

<u>EIGHTH COUNT</u>

(Apparent Authority)

1. Plaintiff repeats each and every allegation contained in the First through Seventh Counts of the Complaint as though duly set forth herein and at length.

2. At all times relevant hereto and for some time prior thereto and thereafter, the defendants, JONATHAN L. FELLUS, MD, JOHN DOE 1-10 and JANE ROE 1-10 were employees, servants, agents and/or assigns of the defendants, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., and KESSLER PROFESSIONAL SERVICES, LLC.

3. The plaintiff, LORETTE SCHROTH, came under the care of the defendant, JONATHAN L. FELLUS, MD, at the brain injury program operated out of KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., and KESSLER PROFESSIONAL SERVICES, LLC, where she relied upon defendant's care and skill as an agent of the defendants, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., and KESSLER PROFESSIONAL SERVICES, LLC.

4. At all times relevant hereto, defendant, JONATHAN L, FELLUS, MD, was acting within the scope of his employment and was otherwise acting as an agent within the control of the defendants, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., and KESSLER PROFESSIONAL SERVICES, LLC.

5. Under the doctrine of apparent authority, the defendants, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., and KESSLER PROFESSIONAL SERVICES, LLC, were and are liable for the actions of its

employees, the defendants, JONATHAN L. FELLUS, MD, JOHN DOE 1-10 and JANE DOE 1-10.

6. As a result of the defendants' failure to properly treat the plaintiff, LORETTE SCHROTH suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate herself, and was rendered unable to attend to her duties.

WHEREFORE, plaintiff, LORETTE SCHROTH, demands Judgment against defendants, JONATHAN L. FELLUS, MD, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., KESSLER PROFESSIONAL SERVICES, LLC, JOHN DOE 1-10 and JANE DOE 1-10 individually, jointly, severally and/or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

<u>NINTH COUNT</u>

(Negligent Hiring)

1. Plaintiff repeats each and every allegation contained in the First through Eighth Counts of the Complaint as though duly set forth herein and at length.

2. At all times relevant hereto, and for some the prior thereto and thereafter, defendants, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., and KESSLER PROFESSIONAL SERVICES, LLC were responsible for the selection of the employees, agents, servants, assigns and/or independently contracted individuals who were involved in the total medical care of the plaintiff, LORETTE SCHROTH.

3.  The defendants, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., and KESSLER PROFESSIONAL SERVICES, LLC owed to all members of the public and more particularly to the plaintiff, LORETTE SCHROTH, the duty of exercising reasonable care for the safety of others in the selection of persons responsible for the total medical care of the plaintiff, LORETTE SCHROTH.

4.  At the aforementioned time, defendants, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., and KESSLER PROFESSIONAL SERVICES, LLC negligently failed to exercise reasonable care for the safety of others in its hiring of persons responsible for the total medical care of the plaintiff, LORETTE SCHROTH.

5.  As a result of the defendant's negligence as aforementioned, the plaintiff, LORETTE SCHROTH, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate herself, and was rendered unable to attend to her duties.

WHEREFORE, plaintiff, LORETTE SCHROTH, demands Judgment against defendants, JONATHAN L. FELLUS, MD, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., KESSLER PROFESSIONAL SERVICES, LLC, JOHN DOE 1-1 0 and JANE DOE 1-10 individually, jointly, severally and/or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

## TENTH COUNT

### (Negligent Supervision)

1.  Plaintiff repeats each and every allegation contained in the First through Ninth Counts of the Complaint as though duly set forth herein and at length.

2.  At all times relevant hereto, and for some time prior thereto and thereafter, defendants, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., and KESSLER PROFESSIONAL SERVICES, LLC were responsible for the supervision of the employees, agents, servants, assigns and/or independently contracted individuals who were involved in the total medical care of the plaintiff, LORETTE SCHROTH.

3.  The defendants, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., and KESSLER PROFESSIONAL SERVICES, LLC owed to all members of the public and more particularly to the plaintiff, LORETTE SCHROTH, the duty of exercising reasonable care for the safety of others in the supervision of the employees, agents, servants, assigns and/or independently contracted individuals who were responsible for the total medical care of the plaintiff, LORETTE SCHROTH.

4.  The defendants, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., and KESSLER PROFESSIONAL SERVICES, LLC having given express and/or implied permission to the defendant, JONATHAN L. FELLUS, MD, to treat the plaintiff, failed to exercise reasonable care in its supervision under the circumstances and was otherwise negligent.

5. As a result of the defendants' negligence as aforementioned, the plaintiff, LORETTE SCHROTH, suffered painful and permanent injuries, incurred and will in the future incur substantial medical expenses in an effort to cure and rehabilitate herself and was rendered unable to attend to her duties.

WHEREFORE, plaintiff, LORETTE SCHROTH, demands Judgment against defendants, JONATHAN L. FELLUS, MD, KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., KESSLER PROFESSIONAL SERVICES, LLC, JOHN DOE 1-10 and JANE DOE 1-1 0 individually, jointly, severally and/or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

ELEVENTH COUNT

1. Plaintiff repeats each and every allegation contained in the First through Tenth Counts of the Complaint as though duly set forth herein and at length.

2. On or about September 15, 2008, and for some time prior thereto, defendants, JOHN DOE 1-10 and/or JANE DOE 1-10, were physicians, nurses, administrators, health care professionals, social workers and/or other individuals working at KESSLER INSTITUTE FOR REHABILITATION, KESSLER INSTITUTE FOR REHABILITATION, INC., and KESSLER PROFESSIONAL SERVICES, LLC.

3. The defendants, JOHN DOE 1-10 and/or JANE DOE 1-10, are named fictitiously herein due to Plaintiffs lack of information and knowledge as to the true identity of said JOHN DOE 1-10 and/or JANE DOE 1-10. At such time as the Plaintiff learns the true identity of JOHN DOE 1-10 and/or JANE DOE 1-10, this Complaint will be mended do reflect same.

<u>CERTIFICATION</u>

I hereby certify that this matter is not the subject of any other action pending in any Court or a pending Arbitration proceeding, nor is any other action or Arbitration proceeding contemplated.  All parties known to plaintiff at this time who should have been joined in this action, have been joined.

I hereby certify that the foregoing statement made by me are true.  I am aware that if any of the foregoing statement made by me are willfully false, I am subject to punishment.

BLUME, GOLDFADEN, BERKOWITZ,
DONNELLY, FRIED & FORTE, P.C.
Attorneys for Plaintiffs

By
DENNIS M. DONNELLY

DATED: January 28, 2011

# ESIS ProClaim

March 21, 2011

Jonathan L. Fellus, MD                    CERTIFIED AND REGULAR US MAIL
57 Woodland Avenue
Glen Ridge, NJ 07028

RE:        SCHROTH V JONATHAN FELLUS, MD et al
           File #: SEL-0007-11

Dear Dr. Fellus,

ESIS ProClaim is the Third Party Administrator for Select Medical Corporation ("Select")
and is responsible for the handling of Professional Liability claims within the $2,000,000
Self Insured Retention ("SIR") under the professional liability insurance policy placed
with Columbia Casualty Company ("COL") Policy No,. HMU 2066248465-7. We are
writing to inform you that coverage for claims adjusted within the COL SIR is controlled
by the provisions of the Professional Liability Excess Policy placed with COL. As such, we
incorporate by reference (as if fully set forth herein) the coverage letter issued by
Columbia Casualty Company dated March 7, 2011 (attached). By this letter, we advise
you that the coverage limitations/reservations raised by Columbia Casualty also apply to
the $2,000,000 SIR.

Various provisions of the COL Policy may limit or preclude an obligation to indemnify
you for the damages sought in the *Schroth* Complaint. We direct you to the attached
letter from COL for specific information regarding the terms and conditions of
coverage. ESIS ProClaim's failure to cite all relevant policy provisions should not be
construed as a waiver of any right that ESIS ProClaim has to rely on other policy
provisions to limit or preclude an indemnity obligation under the Policy Terms. All such
rights are fully reserved.

Should you have any questions, please do not hesitate to contact the undersigned.

Sincerely,

Charles M. O'Donnell
Vice President – Litigation Management

Cc: Mr. Michael Tarvin – Executive VP, Select Medical Holdings Corp.



CNA HealthPro Claims
390 S. Woods Mill Road, Suite 200
Chesterfield, MO  63017

Marcia L Adams
Claims Consultant
Telephone: 314-317-3128
          800-499-4618
Facsimile:  866-896-5250
Email: marcia.adams@cna.com

March 7, 2011

**Certified Mail, Return Receipt Requested**

Dr. Jonathan Fellus
57 Woodland Avenue
Glen Ridge, NJ  07028

Re:    Schroth v. Fellus, et al..
       Insured:  *Select Medical Holdings Corp.*
       Claim No: *HM159645*
       Policy No:  **HMU 2066248465-7**

Dear Dr. Fellus:

Please read this letter in its entirety.  Columbia Casualty Company ("COL") provides an umbrella policy to Select Medical Holdings Corporation.  COL hereby acknowledges receipt of your notice of claim, dated January 5, 2011 which enclosed the *Schroth* Complaint filed in the lawsuit captioned *Schroth v. Fellus, et al.* ("*Schroth* Lawsuit").  The purpose of this letter is to inform you of COL's coverage position.

Since receipt of your correspondence, COL has reviewed a copy of Policy #HMU 2066248465-7 ("Policy") issued to Select Medical Holding Corporation.  COL has also reviewed a copy of the *Schroth* Complaint.  COL has no duty to defend you in regard to the *Schroth* Lawsuit.  Further, the Policy is an umbrella policy, and has no duty to indemnify until the underlying self-insured retention and other applicable insurance coverage is exhausted, and until there has been a final adjudication of the *Schroth* Lawsuit on the merits, or a compromise or settlement of the lawsuit has been reached.  We request that you keep us apprised of all developments in the *Schroth* Lawsuit, and provide us with all information indicating potential exhaustion of the self-insured retention.  If you have any objections to this, please let us know in writing within thirty (30) days.

I.    **FACTS**

The following facts are based on the allegations of the *Schroth* Complaint and the information you have provided to COL.  COL's recitation of these facts should not be construed as an admission of the truthfulness of those facts.

On September 14, 2010, Plaintiff filed the *Schroth* Lawsuit in the Superior Court of Essex County, New Jersey.  The plaintiff alleges that on September 15, 2008, she sought medical care and treatment from

2

Jonathan Fellus, M.D. ("Fellus") and Kessler Institute for Rehabilitation, Inc. ("Kessler") for a closed head injury. The Complaint further alleges that Fellus had inappropriate sexual relations with Plaintiff during the course of her treatment. In addition, the Complaint alleges that Fellus and Kessler failed to provide Plaintiff with proper medical treatment for her injury. We direct you to the *Schroth* Complaint for more information regarding the specific allegations contained therein.

## II.   POLICY

COL issued a Healthcare Facilities Umbrella Policy to Select Medical Holding Corporation. The Policy can be summarized as follows:

| | |
|---|---|
| Named Insured: | Select Medical Holding Corp. |
| Additional Named Insured: | Kessler Institute for Rehabilitation, Inc. |
| Policy No: | HMU 2066248465-7 |
| Policy Period: | 12/31/2010 – 12/31/2011 |
| Each Incident Limit: | $10 million |
| Aggregate Limit: | $10 million |

The Umbrella Employee Definition Endorsement amends the definition of "employee" to include 49 medical doctors at Kessler Rehabilitation Institute, Inc's New Jersey location.

## III.   COVERAGE POSITION

Various provisions of the COL Policy may limit or preclude an obligation to indemnify you for the damages sought in the *Schroth* Complaint. A number of those provisions are set forth below. We direct you to the Policy for more information regarding the terms and conditions of coverage. You may contact the undersigned if you desire a copy of the COL Policy.

COL's failure to cite all relevant policy provisions should not be construed as a waiver of any right that COL has to rely on other policy provisions to limit or preclude an indemnity obligation under the Policy. All such rights are fully reserved.

### A.   The Insuring Agreement

The Insuring Agreement of the COL Policy states, in relevant part, as follows:

1.   We will pay on behalf of the insured "ultimate net loss" in excess of the "applicable underlying limit," that the insured becomes legally obligated to pay as result of a "claim," including "professional liability claims ," to which this insurance applies. ...

2.      How this Insurance Applies

***

c.   If the limit of liability available under this Policy is the first layer of insurance above a "self-insured retention" listed in the Schedule of "underlying insurance", this insurance applies on a claims-made basis as indicated in Self-Insured Retention Section of the Schedule of "underlying insurance" and paragraph b. above applies

3

accordingly. Our obligation to pay "ultimate net loss" as a result of a "claim" is in excess of such Self-Insured Retention. You are required to pay all "ultimate net loss" up to the amount of the Self-Insured Retention listed in such Schedule. The Limits of Insurance set forth on the Declarations Page are in excess of the Self-Insured Retention regardless of your financial ability or inability to pay the Self-Insured Retention and in no event are we required to make any payments within your Self-Insured Retention. Nor are we required to make any payments until your obligations to pay "ultimate net loss" within the Self-Insured Retention have been fully and actually paid and satisfied.

The COL policy defines the terms "ultimate net loss," "claim," and "professional liability claims" as follows:

"Ultimate net loss" means the actual damages the insured is legally obligated to pay, either through:

(1) Final adjudication of a "suit" on the merits; or

(2) Through compromise or settlement of a "claim" with our written consent or direction;

because of "incidents" covered by this policy. However, it includes the above mentioned sums only after deducting all other recoveries and salvages.

"Claim" means an "incident," a "suit," or a "written or oral demand."

"Professional liability claim" means a "claim" arising out of the rendering of "professional services" and alleging "professional services injury."

The COL Policy contains an Other Insurance clause, which states:

Whenever you are covered by other primary, excess, or excess-contingent insurance not scheduled on this policy as "underlying insurance," this policy shall apply only in excess of, and will not contribute with, such other insurance. This policy shall not be subject to terms, conditions or limitations of other insurance. In the event of payment under this policy where you are covered by such other insurance, we shall be subrogated to all of your rights of recovery against such other insurance and you shall execute and deliver instruments and papers, including assignment of rights, and do what is necessary to secure such rights.

**B.      Who Is An Insured**

The COL Policy defines who is an insured under the Policy. Section II of the Policy, Who Is An Insured, states in relevant part, as follows:

1.      If you are in the declarations of this policy as:

***

4

c.     An organization other than a partnership or joint venture, you and your "executive officers," directors and trustees, but only with respect to the   conduct of your business.   Your stockholders and members are also insureds, but only with respect to their liability as stockholders or members.

\*\*\*

2.     The following are also insureds:

a.     Your "employees," other than your "executive officers" and directors, or your members if you are a limited liability company, but only for acts within the scope of their employment by you.  However:

i.     Solely with respect to "professional liability claims" your "employees" are insured only for "professional services" performed on your behalf;

\*\*\*

d.     Any other persons or organizations included as insured under the provisions of the "underlying insurance" and then only for the same coverage, except for limits liability, afforded under such "underlying insurance." ...

COL reserves the right to deny any obligation to indemnify you for any damages to the extent that you do not qualify as an insured under the COL Policy.

## C.     Expected or Intended Injury Exclusion

Plaintiff alleges damages from the intentional infliction of emotional distress.  The COL Policy incorporates an expected or intended exclusion, which states, in relevant part, as follows:

This Insurance does not apply to:

a.     **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.  This exclusion does not apply to "professional liability claims."  Nor does this exclusion apply if insurance for such "bodily injury" is provided by a policy listed in the schedule of "underlying insurance." However, the insurance provided by our policy will be no broader than the insurance coverage provided by such scheduled "underlying insurance."

COL reserves the right to deny any obligation to indemnify you for any damages to the extent that the expected or intended exclusion applies to preclude coverage.

## D.     Criminal Violation Exclusion

The COL Policy incorporates a criminal violation exclusion, which states, in relevant part, as follows:

This Insurance does not apply to:

**s.      Criminal violation**

Any law or regulation imposing criminal penalties or liability arising out of the violation by others, with the insured's consent, of any law or regulation imposing criminal penalties.

COL reserves the right to deny any obligation to indemnify you for such damages to the extent that the criminal violation exclusion applies to preclude coverage.

## IV.     OTHER RESERVATIONS

In addition to the reservation of rights set forth above, COL reserves the following rights:

- COL reserves the right to deny any obligation to indemnify you for any damages to the extent that the underlying facts do not qualify as a 'claim' or "professional liability claim" as those terms are defined in the Policy.

- COL reserves the right to deny coverage for any award of punitive damages.

- COL reserves the right to deny or limit coverage to the extent there is other applicable insurance coverage.  [Please provide us with a full and complete copy of your homeowner's insurance policy, any personal umbrella or excess policy you might have, or any other professional liability policy you may have in place as well].

- COL reserves the right to institute a declaratory judgment action to determine its rights and obligations, if any, to you.

COL reserves all of its rights under the policy.  COL's failure to assert a Policy term or coverage defense should not be construed as a waiver of that right.  All rights that COL has under the Policy are fully reserved.

If you have any questions or comments regarding this letter or if you have additional materials you would like to submit to COL, please contact me.

Sincerely,

Marcia L. Adams
Claims Consultant
Columbia Casualty Company

6

CC:

Mr. Michael Tarvin
Executive Vice President
Select Medical Holdings Corporation
4714 Gettysburg Road
Mechanicsburg, PA  17055

**Appendix XII-B1**

| CIVIL CASE INFORMATION STATEMENT<br>(CIS)<br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),<br>if information above the black bar is not completed<br>or attorney's signature is not affixed** | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| | CHG/CK NO. |
| | AMOUNT: |
| | OVERPAYMENT: |
| | BATCH NUMBER: |



| ATTORNEY / PRO SE NAME<br>Evan L. Goldman, Esq. | TELEPHONE NUMBER<br>(201) 488-2600 | COUNTY OF VENUE<br>Essex |
|---|---|---|
| FIRM NAME (if applicable)<br>Goldman, Davis & Gutfleish, P.C. | | DOCKET NUMBER (when available)<br>ESX-L- 3050-17 |
| OFFICE ADDRESS<br>3 University Plaza, Suite 410<br>Hackensack, NJ 07601 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND  ■ YES  ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Jonathan Fellus, Plaintiff | CAPTION<br>Jonathan Fellus vs. Select Medical Holdings, Corp., Select Medical Group, Columbia Casualty Company, ESIS ProClaim and CNA HealthPro Claims |
|---|---|
| CASE TYPE NUMBER<br>(See reverse side for listing)<br>505 | HURRICANE SANDY<br>RELATED?<br>☐ YES  ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>■ Yes  ☐ No | IF YES, LIST DOCKET NUMBERS<br>ESX-L-007684-10 |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes  ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>■ Yes  ☐ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE<br>☐ FAMILIAL | ☐ FRIEND/NEIGHBOR<br>■ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ESSEX VICINAGE
APR 2 6 2017
FINANCE DIVISION
RECEIVED

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes  ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ Yes  ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

# EXHIBIT B

Menu

# Business Name Search

Required Fields [ * ]

## Search Criteria

**Business Name ***

ESIS ProClaim

Use "%" as a wildcard

Search →

x Cancel (/DOR/BusinessNameSearch/)

| Business Name | Entity Id | Type |
|---|---|---|
| No Results Found | | |

---

**Division of Revenue & Enterprise Services**
PO (Post Office) Box 450
Trenton, NJ (New Jersey) 08646-0303

**Support**
Division of Revenue & Enterprise Services Web Site (http://www.state.nj.us/treasury/revenue/)
Search Help (/DOR/BusinessNameSearch/Home/Help)
Contact Us (https://www.njportal.com/ErrorPages/Contact.aspx)

**Polices & Procedures**
Privacy Policy (https://www.njportal.com/ErrorPages/Privacy.aspx)
Accessibility Policy (https://www.njportal.com/ErrorPages/Accessibility.aspx)
Security Policy (https://www.njportal.com/ErrorPages/Security.aspx)
Legal Statements & Disclaimers (https://www.njportal.com/ErrorPages/Disclaimer.aspx)

EXHIBIT C



## Healthcare Facilities Umbrella Policy Declarations

| | |
|---|---|
| **Policy Issued by:** | Columbia Casualty Company<br>333 S. Wabash Ave.<br>Chicago, IL 60604 |

Policy Number:  HMU 2066248465-7
Renewal of:  HMU 2066248465-6

**Producer's Information:**
Name:  Crump Insurance Services, Inc
Address:  199 Water Street, 28th Floor
New York, NY  10038

Producer Code:  970-965351

---

**1.  Named Insured and mailing address:**

Name:  Select Medical Holdings Corporation f/k/a EGL Holding Corporation
Address:  4716 Old Gettysburg Road
Mechanicsburg, PA  17055

**Type of Organization:**
[ ] Individual
[ ] Partnership
[ ] Joint Venture
[ ] LLC
[X] Corporation
[ ] Other
Other Specify

---

**2.  Policy Period:**   Effective date from:  12/31/2010  to 12/31/2011  At 12:01 A.M. Standard Time at your mailing address shown above.

**3.  Retroactive Date:**   SEE ENDORSEMENT ASHP 3139

---

**4.  Limits of Insurance:**

Each "incident"   $10,000,000
Aggregate Limit   $10,000,000

---

**5.  Retained Limit:**   $50,000

---

**6.  Premium:**   Adjustable:  [ ] Yes  [X] No   Premium _____

Pennsylvania Mcare Fund $0

Total Payment Due:

---

**7.  Endorsements Attached to this Policy**

G-144104-Ac; G-144105-A; G-144129-A; G-144133-A; G-147294-A; G-147295-A; G-144136-A; GSL6591XX; GSL6636XX; GSL4019XX; GSL2450XX; HP2648-A; GSL3842XX; ASHP 3139; HP3126-A; GSL147045XX; G-144103-A

---

**8.  Notices:**   Attn:  Vice President in charge of Medical Malpractice Claims
333 S. Wabash Ave.
Chicago, Illinois  60604

---

COUNTERSIGNATURE   2/7/2011   By: _____

_____
(Date)

_____
Authorized Representative

# EXHIBIT D

EVAN L. GOLDMAN, ESQ. (011871979)
LAW OFFICES OF
GOLDMAN, DAVIS & GUTFLEISH, P.C.
THREE UNIVERSITY PLAZA, SUITE 410
HACKENSACK, NEW JERSEY 07601
(201) 488-2600
(201) 488-5059 (TELECOPIER)
ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| JONATHAN FELLUS,<br><br>                Plaintiffs<br><br>        Vs.<br><br>SELECT MEDICAL HOLDINGS CORP.,<br>SELECT MEDICAL GROUP, COLUMBIA<br>CASUALTY COMPANY, ESIS<br>PROCLAIM, and  CNA HEALTHPRO<br>CLAIMS,<br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>Docket No. ESX-L-3050-17<br><br><br>CIVIL ACTION<br><br>**ACKNOWLEDGMENT OF SERVICE** |

TO:    Deborah M. Minkoff, Esq.
        Cozen O'Connor, P.C.
        One Liberty Place
        1650 Market Street, Suite 2800
        Philadelphia, PA 19103

Service of the annexed Summons, Complaint and Track Assignment is hereby acknowledged this _22_ day of _May_, 2017, on behalf of defendants Select Medical Holdings Corp. and Select Medical Group.

COZEN O'CONNOR, P.C.
Attorneys for Defendants Select Medical
Holdings Corp. and Select Medical Group

By: _Deborah Minkoff_
        Deborah M. Minkoff

# EXHIBIT E

FELLUS vs. SELECT MEDICAL HOLDINGS CORP, Docket No. L-003050-17 (N.J. Super. Ct. Law Div. Apr. 26, 2017), Court

Current on Bloomberg Law as of June 19, 2017 08:51:58

Superior Court of New Jersey
Law Division Civil
Essex County
Docket for Case#: L-003050-17

# FELLUS vs. SELECT MEDICAL HOLDINGS CORP

Date Filed:                Apr 26, 2017
Status:                    ACTIVE
Jury demand:               6 JURORS
Case location:             ESSEX
Case Type:                 505 - Other Insurance
Case Initiation Type:      C-COMPLAINT
Court:                     LAW CVL
Disposition Status:        ACTIVE
Pending Action:            PG SERVICE
Pending Action Date:       May 6, 2017

## Parties and Attorneys

| | |
|---|---|
| Plaintiff | JONATHAN FELLUS |
| Representation | GOLDMAN, DAVIS & GUTFLEISH, P.<br>THREE UNIVERSITY PLZ<br>STE 410<br>HACKENSACK, NJ 07601-0000<br>(201) 488-2600 |
| Defendant | N. SELECT MEDICA |
| Defendant | M. COLUMBIA CASU |
| Defendant | ESIS PROCLAIM |
| Defendant | CNA HEALTHPRO |

## Docket Entries

| Entry # | Filing Date | Description |
|---------|-------------|-------------|
| BL-1 | Apr 26, 2017 | COMP JRY DEMAND |

**Bloomberg Law®**

© 2017 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

FELLUS vs. SELECT MEDICAL HOLDINGS CORP, Docket No. L-003050-17 (N.J. Super. Ct. Law Div. Apr. 26, 2017), Court

# Motions

| Entry # | Filing Date | Description |
|---------|-------------|-------------|
| BL-1 | May 2, 2017 | TRACK ASSIGNMENT; Party Name: FELLUS |

This does not constitute the official record of the court. The information is provided "as is" and may be subject to errors or omissions.

FELLUS vs. SELECT MEDICAL HOLDINGS CORP, Docket No. L-003050-17 (N.J. Super. Ct. Law Div. Apr. 26, 2017), Court

# General Information

**Court**                Superior Court of New Jersey, Law Division Civil, Essex County

**Docket Number**        L-003050-17

© 2017 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service